# Third District Court of Appeal
## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-499
Lower Tribunal No. F07-22156 B
_____


**Cesar Ruiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.


Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Smith v. State, 931 So. 2d 790, 807 (Fla. 2006)

("[Defendant] has no due process right to require his counsel to aid in the commission of a fraud upon the court by presenting perjurious testimony." (citing DeHaven v. State, 618 So. 2d 337, 339 (Fla. 2d DCA 1993) (stating that defendant's constitutional right to effective assistance of counsel does not include right to require counsel to commit fraud on court))); cf. Nix v. Whiteside, 475 U.S. 157, 173–74 (1986) ("[T]he right to counsel includes no right to have a lawyer who will cooperate with planned perjury. A lawyer who would so cooperate would be at risk of prosecution for suborning perjury, and disciplinary proceedings, including suspension or disbarment. [Counsel's] admonitions to [her] client can in no sense be said to have forced [defendant] into an *impermissible* choice between his right to counsel and his right to testify as he proposed for there was no *permissible* choice to testify falsely. For defense counsel to take steps to persuade a criminal defendant to testify truthfully, or to withdraw, deprives the defendant of neither his right to counsel nor the right to testify truthfully.").